# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| PRISCILLA VILLARREAL § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 5:19-CV-00048 | |
| § | | |
| THE CITY OF LAREDO, TEXAS, § | | |
| ET AL. § | | |
| Defendants. § | | |

## DEFENDANTS CITY OF LAREDO, CLAUDIO TREVIÑO, JR., JUAN L. RUIZ, DEYANIRA VILLARREAL, ENEDINA MARTINEZ, ALFREDO GUERRERO, LAURA MONTEMAYOR, AND DOES 1-2'S
## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

TAYLOR OLSON ADKINS SRALLA & ELAM LLP
13750 San Pedro Ave., Suite 555
San Antonio, Texas 78232
Tel: (210) 546-2122
Fax: (210) 546-2130 (Fax)

*/s/ William M. McKamie*
WILLIAM M. MCKAMIE
STATE BAR NO. 13686800
SOUTHERN DIST. ID. 13010
mmckamie@toase.com

TAYLOR OLSON ADKINS SRALLA & ELAM LLP
6000 Western Place, Suite 200
Fort Worth, Texas 76107
(817)332-2580
(817) 332-440 (Fax)

ALICIA K. KREH
STATE BAR NO. 24097953
SOUTHERN DIST. ID 3327420
akreh@toase.com
**Attorneys for Defendants City of Laredo, Claudio Treviño, Jr., Juan Ruiz, Deyanira Villarreal, Enedina Martinez, Alfredo Guerrero, Laura Montemayor, and DOES 1-2**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| PRISCILLA VILLARREAL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-CV-00048 |
| | § | |
| THE CITY OF LAREDO, TEXAS, | § | |
| ET AL. | § | |
| Defendants. | § | |

### DEFENDANTS CITY OF LAREDO, CLAUDIO TREVIÑO, JR., JUAN L. RUIZ, DEYANIRA VILLARREAL, ENEDINA MARTINEZ, ALFREDO GUERRERO, LAURA MONTEMAYOR, AND DOES 1-2'S <u>MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants CITY OF LAREDO (the "City"), CLAUDIO TREVIÑO, JR. ("Treviño"), JUAN L. RUIZ ("Ruiz"), DEYANIRA VILLARREAL ("DV"[1]), ENEDINA MARTINEZ ("Martinez"), ALFREDO GUERRERO ("Guerrero"), LAURA MONTEMAYOR ("Montemayor"), AND DOES 1-2 ("Does"), collectively referred to herein as "Defendants" and move the Court to dismiss Plaintiff's Original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

In support of said Motion, Defendants file this Brief in Support and would respectfully show the Court as follows:

---

[1] To be consistent with Plaintiff's use of "DV" to avoid confusion between Defendant Deyanira Villarreal and Plaintiff.

## I.  BACKGROUND

1. Plaintiff Priscilla Villarreal filed Plaintiff's Original Complaint [Doc. 1] on April 8, 2019 against Defendants City of Laredo, Webb County, Isidro R. Alaniz, Marisela Jacaman, Claudio Treviño, Jr., Juan L. Ruiz, Deyanira Villarreal, Enedina Martinez, Alfredo Guerrero, Laura Montemayor, and Does 1-2. Plaintiff and Defendant entered an agreement on May 7, 2019 to allow Defendants an additional ten (10) days to respond to Plaintiff's Original Complaint. Accordingly, Defendants timely file this Motion to Dismiss for Failure to State a Claim.

2.  Plaintiff brings this civil rights action against the Defendants asserting First, Fourth, and Fourteenth Amendment violations, and violations under 42 U.S.C. §§1983 and 1985 in connection with her interactions with Defendants and her arrest on or about December 13, 2017. Plaintiff's causes of action are as follows:

   a. That the individual Defendants committed direct and retaliatory-based violations of free speech and freedom of the press in violation of the First and Fourteenth Amendments and under 42 U.S.C. §1983 by intimidating and interfering with Plaintiff's reporting on matters of public concern. [Doc 1. ¶¶ 114-37].

   b. That the individual Defendants wrongfully arrested and detained Plaintiff in violation of the Fourth and Fourteenth Amendment and under 42 U.S.C. §1983 by enforcing a provision of the Texas Penal Code the individual Defendants should have known was unconstitutional.  [Doc. 1 ¶¶ 138-48].

   c. That the individual Defendants singled out and chose to selectively enforce an unconstitutional Penal Code  provision against Plaintiff in violation of her equal protection rights under the Fourteenth Amendment and 42 U.S.C. §1983.  [Doc. 1 ¶¶ 149-63].

    d. That the individual Defendants conspired to deprive Plaintiff of her constitutional rights by arresting her under an unconstitutional provision of the Texas Penal Code in violation of 42 U.S.C. §§1983 and 1985. [Doc. 1 ¶¶ 164 – 76].

    e. That Defendant Treviño, in his individual capacity, violated Plaintiff's First, Fourth, and Fourteenth Amendment Rights, and under 42 U.S.C. §1983, by approving the investigation and arrest of Plaintiff under an unconstitutional provision of the Texas Penal Code. [Doc. 1 ¶¶ 177-90].

    f. That Plaintiff's First, Fourth, and Fourteenth Amendment rights were violated, and under 42 U.S.C. §1983, as a result of a policy or custom of the Defendant City. [Doc. 1 ¶¶ 191-207].

    g. Plaintiff also seeks claims for damages and injunctive and declaratory relief against Defendant Webb County. These claims will not be addressed in this Motion.

    h. Finally, Plaintiff seeks declaratory judgment against all Defendants.

3. Defendants assert that Plaintiff's Complaint fails to state a claim upon which relief can be granted against the individual Defendants because Plaintiff failed to allege any action against the individual Defendants that waives their qualified immunity.

4. Defendants assert that Plaintiff's Complaint fails to state a claim upon which relief can be granted against the City because Plaintiff fails to allege a custom, policy, or practice of constitutional violation sufficient to impose liability on the City under federal law under any theory alleged. *Hafer v. Melo*, 502 U.S. 21, 26, 112 S. Ct. 358, 362, 116 L. Ed. 2d 301 (1991); *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

## II.     ARGUMENTS AND AUTHORITIES

**A.     Rule 12(b)(6) standard.**

5.  If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. *See* FED R. CIV. P 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 209 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Rather, the court must be sure that the complaint alleges sufficient facts to move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. When considering a motion to dismiss under Rule l2 (b)(6) the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (quoting *In re Katerina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

6.  Dismissal is proper if there is either (1) "the lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Scott v. Steinhagen Oil Co., Inc.*, 224 F. Supp. 2d 1084, 1085 (E.D. Tex. 2002); accord *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp.2d 734, 737-38 (S.D. Tex. 1998); *Morrow v. Bank of Am., N.A.*, No. 5:12-CV-00782-OLG, 2013 WL 12131235, at *1 (W.D. Tex. June 10, 2013). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) dismissal motion, a plaintiff's

"obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *Rogers v. Raycom Media, Inc.*, 628 F. App'x 324 (5th Cir.), cert. denied, 137 S. Ct. 189, 196 L. Ed. 2d 127 (2016). As explained herein, Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010). A court need not "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (quoting *Westfall v. Miller*, 77 F.3d 868, 870 (5th Cir.1996)).

### B. Individual Defendants, Treviño, Ruiz, Villarreal, Martinez, Guerrero, Montemayor, and Does 1-2, are entitled to qualified immunity as to all Plaintiff's claims.

7. To establish a claim under Section 1983, the plaintiff must show that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983.

8. In her Original Complaint, Plaintiff plead that at all times relevant, the individual Defendants were acting in their official capacities pursuant to their authority as police officers for the City of Laredo. Defendants do not dispute that they were acting within their official capacity, and as such, there is no question that all of Defendants' actions were clearly within the course and scope of their official duties as officers, and are entitled to assert the defense of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396

(1982).

9. Qualified immunity is a defense available to public officials for claims such as those brought pursuant to Section 1983. *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 620 (5th Cir. 1992). Qualified immunity protects government officials performing discretionary functions from civil damages liability if their actions were objectively reasonable in light of then clearly established law. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987); *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001).

10. Qualified immunity is designed to shield from civil liability "all but the plainly incompetent, or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 1096, 89 L. Ed. 2d 271 (1986). Analysis of qualified immunity is a two-step process involving: (1) the determination as to whether the plaintiff alleged a violation of a clearly established constitutional right; and (2) the determination of whether the defendant's conduct was objectively reasonable. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

> 1. ***Plaintiff has failed to allege a violation of a clearly established constitutional right.***
>
>     a. Plaintiff fails to establish a First Amendment retaliation claim.

11. Plaintiff alleges that the individual Defendants, attempted to interfere with Plaintiff's gathering and publication of information regarding matters of public concern by intimidation, defamation, and harassment. [Doc. 1. ¶¶ 115-16]. Further, Plaintiff alleges that her arrest was an attempt to intimidate her from continuing her efforts in citizen journalism.

12. Plaintiff has not plead factual assertions that would support the elements of the retaliatory prosecution offense. It has been established that "[a]ny form of official retaliation for exercising one's freedom of speech, including prosecution, threatened prosecution, bad faith investigation,

and legal harassment, constitutes an infringement of that freedom." *Izen v. Catalina*, 398 F.3d 363, 367 n. 5 (5th Cir. 2005) (quoting *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001)). To establish a claim for retaliation, a Plaintiff must show that "(1) they were engaged in constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct." *Keenan v. Tejeda*, 290 F.3d 252, 259 (5th Cir. 2002).

13. Furthermore, a Section 1983 claim, based in tort, requires an injury; in the context of a retaliation claim, "that the plaintiff's exercise of free speech has been curtailed." *Id.* The court in Keenan explained that although speech does not need to be fully silenced, concrete intimidating tactics that would sufficiently deter a person of ordinary firmness from exercising their first amendment rights would be sufficient to satisfy a retaliation claim. *Id.* The tactics employed by the defendants in Keenan included first a plaintiff being detained by officers for an extended period of time with guns drawn only to receive a minor traffic citation and second a plaintiff being charged with a deadly conduct offense for pointing a gun at a police officer, when he had been using a video camera to record officers' illegal conduct, who was then required to expend funds to defend himself through trial, and after acquittal did not have his handgun or concealed handgun license restored. *Id.* at 257 - 59.

14. Here, Plaintiff fails to allege any facts that would support concluding police engaged in any concrete intimidating tactic, or any type of threat that would chill a person of ordinary firmness. Rather, Plaintiff's complaint alleges states that Plaintiff was arrested for violating an, at the time, valid section of the Texas Penal Code. [Doc. 1. ¶ 120]. Although Plaintiff attempts to argue misconduct on the Defendants for enforcing this statute, there was no bad faith committed

by Defendants who had no reason to believe the section of the Penal Code would *later* be found unconstitutional. Accordingly, Defendants had cause to believe that Plaintiff was engaging in criminal conduct, not constitutionally protected activity. Furthermore, not only would Defendants' actions not chill a person of ordinary firmness from engaging in citizen journalism, they did not chill Plaintiff herself, who has continued her investigative methods after her arrest and release. [Doc. 1. ¶ 3 and n. 1]. Accordingly, Plaintiff has not stated a claim that would establish a First Amendment retaliation claim and this cause of action must be dismissed.

> b. <u>Plaintiff fails to establish a Fourth or Fourteenth Amendment violation for her arrest and detention.</u>

15. Plaintiff argues throughout her Complaint, that the individual Defendants entered into an elaborate conspiracy to prevent her continued journalism by proactively developing a criminal theory and charging her with violating a law that any reasonable officer should have known was unconstitutional. She alleges that because this provision was unconstitutional, she was wrongfully arrested and detained, [Doc. 1 ¶¶ 138-48], and that Defendants wrongfully singled out Plaintiff for enforcement of the unconstitutional provision. [Doc. 1 ¶¶ 149-63]. However, Plaintiff fails to provide factual allegations of how or why any law enforcement officer should reasonably be aware that Section 39.06 of the Texas Penal Code would later be held unconstitutional. This section was ruled "unconstitutionally vague" by Judge Monica Z. Notzon of the 111th District Court in Webb County on March 28, 2018,[2] more than three months after Plaintiff's arrest. An officer who behaves objectively reasonable in light of the clearly established rules *at the time of his actions* is entitled to immunity. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). Accordingly, because Defendants acted reasonably in investigating the violation of a provision of the Texas Penal Code, Plaintiff has

---

[2] According to the 111th District Court, an order on this ruling has never been issued.

failed to plead a violation of her Fourth Amendment rights that would waive qualified immunity.

16. Additionally, Plaintiff alleges that Defendants acted without probable cause in arresting her under Section 39.06 because she alleges she never received an economic benefit from publicizing the information received. However, the New York Times article cited by Plaintiff in her Original Complaint states as a result of the notoriety gained from her reporting, "Laredo eateries hire her to advertise their cuisine" and that "[s]he makes a small amount of money by promoting restaurants she frequents."[3] Accordingly, Defendants had reason to believe that Plaintiff was deriving an economic benefit from her Facebook journalism in the form of sponsors.  Qualified immunity shields officers from lability if, given the law and information known at the time, a reasonable officer could have believed the arrest was lawful. *Ventura v. Hardge,* 2000 WL 1123262, *3 (N.D. Tex. Aug. 7, 2000) aff'd 248 F.3d 1143 (5th Cir. 2001). Because the individual Defendants had reason to believe that Plaintiff was receiving an economic benefit from the official information she had received from a public servant, which had not yet been made public, and because the officers acted reasonably in enforcing a provision of the Texas Penal Code that was valid at the time of their action, Plaintiff has failed to plead a violation of her Fourth or Fourteenth Amendment rights.

   c. <u>Plaintiff fails to establish a conspiracy claim under Sections 1983 and 1985.</u>

17. Plaintiff's fourth cause of action against the individual Defendants is that "all or some of the Individual Defendants conspired with the intent to deprive [Plaintiff] of equal protection of the laws and of her constitutionally-protected rights." [Doc. 1 ¶ 165]. As addressed above, Plaintiff has not alleged any cause of action against the individual Defendants for which she was denied

---

[3] *La Gordiloca: The Swearing Muckraker Upending Boarder Journalism*, New York Times Online, Mar. 10, 2019 available at https://www.nytimes.com/2019/03/10/us/gordiloca-laredo-priscilla-villarreal.html.

a constitutionally protected right, or for which immunity for the individual Defendants has been waived. Accordingly, this allegation of conspiracy must be dismissed as well.

18. Furthermore, Plaintiff has not alleged a valid claim under Section 1985. 42 U.S.C. § 1985 is applicable in three contexts. One occurs when an officer is prevented from performing their duties. The second pertains to the intimidation of trial witnesses. The third focuses on and prevents disguised travel on a highway for the purpose of depriving a person of equal protection of the law. 42 U.S.C. § 1985. None of the allegations raised by Plaintiff fit any of the categories under section 1985.

19. Fully exemplifying how far off base Plaintiff's Section 1985 claims are, Section 1985 requires deprivations of equal protections based on racial or class-based distinctions. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiff has made no references to any racial or socio-economic based discrimination. Rather, her entire complaint is that Defendants have interfered with her right to be a citizen journalist. For these reasons, Plaintiff has not raised a valid conspiracy claim either under Section 1983 or 1985.

**C. Plaintiff failed to state a claim against Chief Treviño for which relief can be granted.**

20. In her fifth cause of action, Plaintiff alleges that Treviño initiated and approved of the investigation of Plaintiff, the preparation and execution of the Arrest Warrants, her selective arrest and detention all while aware there was alleged to be no probable cause to arrest Plaintiff and that the statutory provision she was arrested for violating was unconstitutional. [Doc. 1. ¶¶ 181-82]. Plaintiff has failed to plead facts that would show Defendant Treviño, through his own actions, violated the constitution with deliberate indifference to her constitutionally protected rights. *Ashcroft*, 556 U.S. at 676-77.

21. Under Section 1983, "supervisory officials are not liable for the actions of their subordinates

on any theory of vicarious liability." *Turner v. Upton County*, 915 F.2d 133, 138 (5th Cir. 1990). The Supreme Court broadened supervisor protections when it held in *Ashcroft v. Iqbal*, that "the term 'supervisor liability' is a misnomer," because supervisors "may not be held accountable for the misdeeds of their agents." *Ashcroft*, 556 U.S. at 677. Rather, a plaintiff must plead that each government-official defendant, through the official's own individual actions, violated the constitution. *Id.* at 676. If a supervisor is to be held liable for a constitutional violation, he must act with the state of mind required to establish the subordinate's constitutional violation—deliberate indifference.

22. After *Ashcroft v. Iqbal*, the Fifth Circuit has recognized supervisor liability in limited circumstances. A supervisor may be liable if he was personally involved in the constitutional deprivation or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation—such as enforcing an unconstitutional policy, adopted with deliberate indifference, that resulted in the plaintiff's injury. *Brown v. Bexar County Hosp. Dist*. Civ. No. SA-15-CA-123-XR, 2015 WL 3971388, at *3 (W.D. Tex.-San Antonio 2015).

23. Plaintiff has failed to plead any actions of Treviño that would establish he was personally involved in any deprivation of Plaintiff's constitutional rights. Further, nothing in her complaint provides any evidence that Treviño's state of mind was one of deliberate indifference. Plaintiff alleges that Treviño approved of the officer's actions to arrest her under Texas Penal Code section 39.06. Doc 1. ¶¶ 181-82. As addressed above, enforcing a penal code provision that was valid at the time of enforcement is not an objectively unreasonable action that would waive immunity. Additionally, Plaintiff alleges that Treviño knew or should have known that his subordinates were attempting to restrict Plaintiff's access to public information. This allegation attempts to hold Trevino accountable under the theory of vicarious liability and is not

permissible. Accordingly, because Treviño did not personally deprive Plaintiff of her constitutional rights, nor did he act with any deliberate indifference toward her rights, Plaintiff has not stated a cause of action against Treviño for which relief can be granted.

**D. Plaintiff failed to state a claim against the City upon which relief can be granted.**

24. Plaintiff's claims against the City for municipal liability must fail because Plaintiff fails to allege a policy or custom; pattern or practice that caused her injuries. As a result, all of Plaintiff's allegations against the City should be dismissed.

25. Plaintiff's pleading sets forth no allegation regarding the City of Laredo other than that it is the employer of named police officers. Liability of a city under 42 U.S.C. §1983 for actions of its employees requires an unconstitutional policy or custom. There is no pleading of any such policy or custom and since there are no allegations of any basis for liability of the City, dismissal of the City is proper.

26. Municipal liability under section 1983 must be premised on a municipal policy or custom that caused the alleged constitutional deprivation. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). The law is clearly established that the doctrine of *respondeat superior* does not apply to section 1983 actions. *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). The Fifth Circuit has stated that "[a] municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'" *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

27. For purposes of Section 1983 liability, a "policy" must be officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers

have delegated policy-making authority. *Burge v. St Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003). "[O]nly those municipal officers who have 'final policymaking authority' may by their actions subject the government to Section 1983 liability." *City of St Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S. Ct. 915, 924 (1988). "[A] direct causal connection must exist between the policy and the alleged constitutional deprivation. This connection must be more than a mere 'but for' coupling between cause and effect. To form the basis of liability under § 1983, a municipal policy must be affirmatively linked to the constitutional violation and be the moving force behind it." *Johnson v. Deep East Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 310 (5th Cir. 2004) (quoting *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992) (emphasis added in *Deep East Texas*).

28. In the Fifth Circuit, "a single incident is usually insufficient to demonstrate deliberate indifference." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 382 (5th Cir. 2005). Likewise, the prior instances alleged must be similar to the deprivation alleged by the plaintiff seeking recovery. *Id.* The Court in *Estate of Davis* explained as follows:

> Prior indications cannot simply be for any and all "bad" or unwise acts, but rather must point to the specific violation in question. That is, notice of a pattern of similar violations is required. **While the specificity required should not be exaggerated, our cases require that the prior acts be fairly similar to what ultimately transpired and, in the case of excessive use of force, that the prior act have involved injury to a third party.**

*Id.* at 383 (internal citations omitted) (emphasis added).

29. Plaintiff's Original Complaint does not state or refer to any formal policy of the City that caused Plaintiff's alleged injuries. Plaintiff likewise fails to provide a pattern of prior similar incidents that are so similar as to demonstrate an informal custom or practice that is so common and well settled as to constitute a custom that fairly represents the municipality's policy. As a result, Plaintiff's Section1983 claims against the City of Laredo should be dismissed.

30. Importantly, there is no pattern of violations alleged that preceded Plaintiff's arrest that would have put the City on notice of a need to implement more or different training, or problems with Police Department policy that would have had any effect on Plaintiff's arrest.

**E. Plaintiff is not entitled to Declaratory Relief**

31. Plaintiff is not the subject of an ongoing controversy or threat of harm. In order to meet the standing requirements under the Declaratory Judgment Act, a plaintiff must establish "actual present harm or significant possibility of future harm." *Peoples Rights Org. v. City of Columbus*, 152 F.3d 522, 527 (6th Cir. 1998). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). Because Plaintiff was not, and is not, not subject to any ongoing threat of harm, she is not entitled to declaratory relief.

### III. CONCLUSION

32. Defendants Trevino, Ruiz, Villarreal, Martinez, Guerrero, Montemayor, and Does 1-2 are entitled to qualified immunity for Counts I-V. Plaintiff has not alleged any facts that would waive this defense. Furthermore, the facts at issue make Section 1985 inapplicable to this case. Plaintiff has failed to allege a specific custom or policy of the City of Laredo that discriminated against her or violated her constitutional rights. Furthermore, she failed to show how any such policy was the moving force behind her alleged constitutional deprivations. Finally, declaratory relief is inappropriate because there is no threat of ongoing or future harm to Plaintiff.

### IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants City of Laredo, Treviño, Ruiz, Villarreal, Martinez, Guerrero, Montemayor, and Does 1-2 respectfully request that the Court grant their Motion to Dismiss and dismiss Plaintiff's claims pursuant to Federal Rule of Civil

Procedure l2(b)(6). Defendant further request such other and further relief to which they are justly entitled.

                    Respectfully submitted,

**TAYLOR OLSON ADKINS SRALLA & ELAM LLP**
13750 San Pedro Ave., Suite 555
San Antonio, Texas 78232
(210) 546-2122
(210) 546-2130 (Fax)


By:    /s/ *William M. McKamie*
        WILLIAM M. MCKAMIE
        STATE BAR NO. 13686800
        SOUTHERN DIST. ID. 13010
        *mmckamie@toase.com*

        TAYLOR OLSON ADKINS SRALLA & ELAM LLP
        6000 Western Place, Suite 200
        Fort Worth, Texas 76107
        (817)332-2580
        (817) 332-440 (Fax)

        ALICIA K. KREH
        STATE BAR NO. 24907953
        SOUTHERN DIST. ID 3327420
        *akreh@toase.com*

        **Attorneys for Defendants City of Laredo,
        Claudio Treviño, Jr., Juan Ruiz, Deyanira
        Villarreal, Enedina Martinez, Alfredo
        Guerrero, Laura Montemayor, and DOES 1-2.**

## V. CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of May 2019, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and that a courtesy copy was forwarded to the following attorneys of record by Electronic Notification:

| | |
|---|---|
| JT Morris<br>Ramzi Khazen<br>JT MORRIS LAW, PLLC<br>1105 Nueces Street, Suite B<br>Austin, Texas 78701 | Email: *jt@jtmorrislaw.com*<br>Email: **ramzi@jtmorrislaw.com** |
| Eric Magee<br>ALLISON BASS ET AL<br>402 W. 12th Street<br>Austin, Texas 78701 | Email: *e.magee@allison-bass.com* |

                                                        /s/ *William M. McKamie*
                                                        William M. McKamie