UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
Laredo Division

| | | |
|---|---|---|
| PRISCILLA VILLARREAL,<br>Plaintiff<br><br>vs.<br><br>THE CITY OF LAREDO, TEXAS, et al.<br>Defendants. | § § § § § § § § § § § § § | No. 5:19-cv-48<br><br><br>JURY TRIAL DEMANDED |

JOINT REPORT REQUIRED BY FED. R. CIV. P. 26(F)
AND JOINT DISCOVERY / CASE MANAGEMENT PLAN

Preliminary Matters

1. State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and / or parties who participated in the conference.

    The parties held a Rule 26(f) conference by telephone on July 10, 2019.

    Participating on behalf of Plaintiff Priscilla Villarreal were JT Morris and Ramzi Khazen of JT Morris Law.

    Participating on behalf of Defendants Webb County, Isidro Alaniz, and Marisela Jacaman, collectively referred to herein as "Webb County Defendants," was J. Eric Magee of Allison, Bass & Magee.

    Participating on behalf of Defendants City of Laredo, Claudio Treviño, Juan L. Ruiz, Deyanira Villarreal, Enedina Martinez, Alfredo Guerrero, Laura Montemayor, and Does 1-2, collectively referred to herein as "Laredo Defendants," were William McKamie and Alicia Kreh of Taylor Olson Adkins Sralla & Elam, LLP.

2. List cases pending in this or any other district, along with the cause number and judicial district, that are related to this case.

    None.

3. If another case is pending in this or any other district, can and should this case be consolidated with that case?

Not applicable.

4. <u>Briefly</u> describe what this case is about.

    This is a case in which Plaintiff seeks damages and declaratory and injunctive relief based on claims under 42 U.S.C. § 1983, for the alleged deprivation of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

5. What is Plaintiff's allegation of federal jurisdiction, or, if this case was removed, what is Defendant's allegation of federal jurisdiction?

    Plaintiff alleges federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343.

6. Does Defendant (or Plaintiff if this case was removed) agree or disagree with this allegation?

    Webb County Defendants and Laredo Defendants agree that the allegations create federal question jurisdiction.

7. Does either party anticipate the need to add additional parties?

    Other than identifying the current Defendants Does 1-2, Plaintiff does not anticipate needing to add additional parties.

    Webb County Defendants and Laredo Defendants do not anticipate adding additional parties.

8. If so, list any additional parties and when they can be added.

    Plaintiff anticipates being able to identify the Doe Defendants during or at the end of discovery.
    Laredo Defendants shall seek to strike all claims against unnamed Defendants who are not timely identified.

    Webb County Defendants has not identified any additional parties at this time.

9. List any anticipated interventions.

    None.

10. Are there any issues in this case that may raise class allegations or class action issues?

    No.

Discovery

11. The conference required by Rule 26(f) was held on July 10, 2019 by telephone. Counsel / Parties who participated in the conference:

> On behalf of Plaintiff Priscilla Villarreal were JT Morris and Ramzi Khazen of JT Morris Law.
>
> On behalf of Defendants Webb County, Isidro Alaniz, and Marisela Jacaman was J. Eric Magee of Allison, Bass & Magee.
>
> On behalf of Defendants City of Laredo, Claudio Treviño, Juan L. Ruiz, Deyanira Villarreal, Enedina Martinez, Alfredo Guerrero, Laura Montemayor, and Does 1-2 were William McKamie and Alicia Kreh of Taylor Olson Adkins Sralla & Elam.

12. Describe the proposed discovery plan agreed upon at the Conference. Include the following:

Initial Statement: Defendants have filed motions to dismiss asserting qualified immunity. [Dkts. 26 and 27]. Generally, discovery is stayed pending a ruling on a motion to dismiss asserting qualified immunity. *E.g., Wicks v. Miss. State Employment Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995). Where a plaintiff pleads facts sufficient to allow a court to draw the reasonable inference that the allegations defeat qualified immunity, the court may permit limited discovery that is narrowly tailored to uncover facts that the court needs to rule on qualified immunity. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

Accordingly, the parties agree that discovery should be stayed until the Court rules on Defendants' assertions of qualified immunity in their motions to dismiss, unless (a) the Court grants Plaintiff, upon Plaintiff's motion, leave to conduct limited discovery on facts the Court requires to rule on qualified immunity, or (b) the Court orders discovery *sua sponte* on facts the Court requires to rule on qualified immunity.

   A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a):

   Subject to the parties' Initial Statement above, no changes should be made in the timing, form, or requirement for disclosures under Rule 26(a).

   B. When and to whom Plaintiff anticipates it may send interrogatories;

   Plaintiff anticipates sending interrogatories to all named Defendants promptly after the Court rules on Defendants' motions to dismiss.

   C. When and to whom Defendant anticipates it may send interrogatories;

   Laredo Defendants anticipate sending interrogatories to Plaintiff within 30

3

days of the Court's ruling on Laredo Defendants' motion to dismiss.

Webb County Defendants anticipate sending interrogatories to Plaintiff within 30 days of the Court's ruling on Webb County Defendants' motion to dismiss.

D. Of whom and by what date Plaintiff anticipates taking oral depositions;

Plaintiff anticipates taking oral depositions of all named Defendants by no later than the end of March 2020. Plaintiff also anticipates taking the third-party depositions of Laredo Police Department officers Barbara Goodman and Jose Baeza, by the same date. Plaintiff anticipates discovery may reveal additional third-party witnesses that Plaintiff may seek to depose.

E. Of whom and by what date Defendant anticipates taking oral depositions;

Laredo Defendants anticipate taking oral depositions of Plaintiff within 60 days of the Court's ruling on Laredo Defendants' Motion to Dismiss.

Webb County Defendants anticipate taking the oral deposition of Plaintiff within 60 days of the Court's ruling on Webb County Defendants' motion to dismiss.

F. When Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports;

Plaintiff: March 2, 2020.

Defendants: April 2, 2020.

G. List expert depositions Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Fed. R. Civ. P. 26(a)(2)(B).

All experts Defendants designate. Plaintiff anticipates completing such depositions by May 1, 2020.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B).

Webb County Defendants and Laredo Defendants shall depose all experts designated by other parties.

Webb County Defendants and Laredo Defendants anticipate completing

4

such depositions by May 1, 2020.

13. If the parties do not agree on any portion of the discovery plan, describe the separate views <u>and proposals</u> of each party.

    None at this time. The parties will supplement this response as differing views arise.

14. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

15. State the date the planned discovery can reasonably be completed.

    May 1, 2020

Settlement and Trial Alternatives

16. Describe the possibilities of settlement or alternative dispute resolution that were discussed at the Rule 26(f) meeting.

    The parties' discussed possible settlement or ADR during the Rule 26(f) conference. The parties agreed that settlement talks while the Defendants' motions to dismiss are pending would not be productive. The parties also agree that should the Court not grant the motions to dismiss in full, that mediation is an option the parties will explore promptly and in good-faith.

17. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties agree that should the Court not grant Defendants' motions to dismiss in full, that mediation is an option the parties will explore promptly and in good-faith.

18. From the attorneys' discussions with their respective clients, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    The parties agree that should the Court not grant Defendants' motions to dismiss in full, that mediation is an option the parties will explore promptly and in good-faith.

19. The parties may jointly consent to a Magistrate Judge conducting any and all proceedings in any jury or nonjury civil matter, including hearing a jury or nonjury trial, and order the entry of judgment in the case. Will the parties' consent to a Magistrate Judge conducting all proceedings in this case, including trial and disposition of the case?

    The parties will consent to a Magistrate Judge conducting all proceeding in this case, including trial and disposition.

20. State whether a jury demand has been made and if it was made on time.

    Plaintiff made a timely jury demand in her complaint. [Dkt. 1, § VI].

21. In the event of a trial, how many <u>hours</u> will it take to try this case?

    15 hours

### Additional Conference Items

22. Counsel are charged with knowledge of the Local Rules of the United States District Court for the Southern District of Texas, which are available at:

    http://www.txs.uscourts.gov/sites/txs/files/2018%20Local%20Rules.pdf.

    Have all counsel reviewed those local rules prior to completion of this Report?

    Yes.

23. If there are any motions pending before the Court at this time, list them.

    A. Defendants Isidro Alaniz, and Marisela Jacaman, and Webb County's Motion to Dismiss for Failure to State a Claim Under FRCP 12(b)(6) to Plaintiff's First Amended Complaint [Dkt. 26].

    B. Defendants City of Laredo, Claudio Treviño, Jr., Juan L. Ruiz, Deyanira Villarreal, Enedina Martinez, Alfredo Guerrero, Laura Montemayor, and Does 1-2's Motion to Dismiss Pursuant to Rule 12(b)(6) to Plaintiff's First Amended Complaint [Dkt 27].

24. Can any of these motions be ruled upon at the Initial Pretrial and Scheduling Conference?

    Yes. The briefing on the motions will be completed before the conference. Should the Court want to hear oral argument on either or both motions, the parties will be prepared to provide oral argument at the conference.

25. Are there any other matters peculiar to this case, including discovery that deserve special attention from the Court at the Initial Pretrial and Scheduling Conference?

    Defendants have filed motions to dismiss asserting qualified immunity. [Dkts. 26 and 27]. Generally, discovery is stayed pending a ruling on a motion to dismiss asserting qualified immunity. *E.g., Wicks v. Miss. State Employment Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995). Where a plaintiff pleads facts sufficient to allow a court to draw the reasonable inference that the allegations defeat qualified immunity, the court may permit limited discovery that is narrowly tailored to uncover facts that the court needs to rule on qualified immunity. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Accordingly, the issue of

6

discovery related to qualified immunity is an issue the Court may wish to address at the initial conference.

Further, Laredo Defendants shall invoke legislative privilege and the limitations thereby placed upon testimony in the event other parties seek the mental processes or motivations of the Laredo City Council and their senior staff.

Given that electronic discovery will be at issue in this case, the parties suggest the conference involve discussion of a possible e-discovery agreement and order.

26. List the names, Southern District of Texas bar numbers, addresses, and telephone numbers of all counsel. All counsel appearing for any hearing or identified as counsel of record on a pleading must either be licensed to practice in the Southern District of Texas or must file a motion to appear pro hac vice.

Plaintiff's Counsel:
JT Morris
Texas State Bar No. 24094444
jt@jtmorrislaw.com
Ramzi Khazen
Texas State Bar No. 24040855
ramzi@jtmorrislaw.com
JT MORRIS LAW, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
Telephone: (512) 717-5275
Fax: (512) 582-2948

Counsel for Defendants Webb County, Isidro Alaniz, and Marisela Jacaman:

Eric Magee
Texas State Bar No. 24007585
e.magee@allison-bass.com
Philip Arnold
Texas State Bar No. 24044710
p.arnold@allison-bass.com
ALLISON, BASS, & MAGEE, L.L.P
A.O. Watson House
Austin, Texas 78701
Telephone: 512-482-0701
Fax: 512-480-0902

Counsel for City of Laredo, Claudio Treviño, Juan L. Ruiz, Deyanira Villarreal, Enedina Martinez, Alfredo Guerrero, Laura Montemayor, and Does 1-2:

William M. McKamie
Texas State Bar No. 13686800
Southern Dist. Id. 13010
mmckamie@toase.com
Alicia K. Kreh
Texas State Bar No. 24097953
Southern Dist. Id. 3327420
akreh@toase.com
TAYLOR, OLSON, ADKINS, SRALLA, & ELAM, L.L.P
13750 San Pedro Ave., Suite 555
San Antonio, Texas 78232
Telephone: 210-546-2122
Fax: 210-546-2130

27. Proposed Dates for Scheduling Order. Please review the proposed deadlines for many of the pretrial events listed below that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in (1) formulating answers to the other parts of this Questionnaire and (2) scheduling the events preceding the trial. The Scheduling Order that will be issued following the Scheduling Conference will necessarily be more specific and detailed and will contain additional matters and discovery limitations. The Court's suggested dates and events may be appropriate for this case. <u>If not</u>, please propose suggested modifications that the parties believe are suited for this lawsuit. As indicated below by asterisks, some dates and events are "inflexible" because of limited judicial resources in the Court's calendar.

| PRETRIAL EVENTS | COURT'S DATES | PARTIES' PROPOSED DATES |
|---|---|---|
| Rule 26(f) Meeting | July 16, 2019 | July 10, 2019 |
| File Joint Case Management Plan | July 30, 2019 | July 30, 2019 |
| Rule 16(b) Scheduling Conference | August 7, 2019 at 10:00 a.m. | August 7, 2019, at 10:00 a.m. |
| Deadline for Parties to Exchange Rule 26(a)(1) Initial Disclosures | July 30, 2019 | 14 days after the Court rules on Defendants' assertion of qualified immunity, or as the Court otherwise orders. |
| Deadline for Joinder of All Parties | | March 2, 2020 |
| Deadline to Serve Initial Written Discovery[1] | | 28 days after the Court rules on Defendants' assertion of qualified immunity, or as the Court |

---

[1] This deadline applies to serving a first set of interrogatories, requests for production, and other written discovery, but does not limit the parties from serving further requests prior to the discovery deadline.

| | | |
|---|---|---|
| | | otherwise orders. |
| Deadlines to Designate Expert Witnesses[2] | Plaintiff(s): | Plaintiff(s): March 2, 2020 |
| | Defendant(s): | Defendant(s): April 2, 2020 |
| Deadline to Opt into Court Mediation[3] | | December 6, 2019 |
| Deadline to Amend the Pleadings (with consent of all parties or leave of Court) | Plaintiff(s): | Plaintiff(s): March 2, 2020 |
| | Defendant(s): | Defendant(s): March 2, 2020 |
| Deadline to Complete All Discovery, including depositions of expert witnesses[4] | | May 1, 2020 |
| Deadline to Complete ADR | | April 6, 2020 |
| Deadline to File Dispositive Motions and to Exclude or Limit Expert Testimony | | June 8, 2020 |

| TRACK A — If No Dispositive Motions are Filed: | | |
|---|---|---|
| Deadline to File Joint Pretrial Order, Motions in Limine, and Proposed Jury Instructions (or proposed findings of fact and conclusions of law) | | July 31, 2020 |

---

[2] The parties shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) by these deadlines. The parties must file their lists of proposed expert witnesses with the Court by the designation deadline, but should **NOT** file reports or other discovery materials.

[3] See attached Memorandum outlining the details of court-hosted mediation. At the Parties' request, the Court will schedule court-hosted mediation before the parties undergo the expense of retaining and designating experts. If the parties prefer to designate experts before attending court-hosted mediation, the Court is also willing to schedule mediation any time before the expiration of the ADR deadline.

[4] A party must serve its written discovery requests in sufficient time for the responding party to serve its responses before this deadline. See Paragraph 7 of the Court's Order for Conference and Disclosure of Interested Parties.

| TRACK B — If Dispositive Motions are Filed: | | |
|---|---|---|
| Deadline to File Joint Pretrial Order, Motions in Limine, and Proposed Jury Instructions (or proposed findings of fact and conclusions of law) | | September 2, 2020 |

Dated: July 22, 2019

Respectfully submitted,

/s/ JT Morris
JT Morris
Texas State Bar No. 24094444
jt@jtmorrislaw.com
Ramzi Khazen
Texas State Bar No. 24040855
ramzi@jtmorrislaw.com
JT MORRIS LAW, PLLC
1105 Nueces Street, Suite B
Austin, Texas 78701
Telephone: (512) 717-5275
Fax: (512) 582-2948

Attorneys for Plaintiff Priscilla Villarreal

/s/ William M. McKamie (w/ permission)
William M. McKamie
Texas State Bar No. 13686800
Southern Dist. Id. 13010
mmckamie@toase.com
Alicia K. Kreh
Texas State Bar No. 24097953
Southern Dist. Id. 3327420
akreh@toase.com
TAYLOR, OLSON, ADKINS, SRALLA, & ELAM, L.L.P
13750 San Pedro Ave., Suite 555
San Antonio, Texas 78232
Telephone: 210-546-2122
Fax: 210-546-2130

Attorneys for City of Laredo, Texas, Claudio Trevino, Jr., Juan L. Ruiz, Deyanira Villarreal, Enedina Martinez, Alfredo Guerrero, Laura Montemayor, and Does 1-2

<u>/s/ J. Eric Magee (with permission)</u>
J. Eric Magee
Texas State Bar No. 24007585
e.magee@allison-bass.com
Philip Arnold
Texas State Bar No. 24044710
p.arnold@allison-bass.com
ALLISON, BASS, & MAGEE, L.L.P
A.O. Watson House
Austin, Texas 78701
Telephone: 512-482-0701
Fax: 512-480-0902

Attorneys for Defendants Webb County, Texas, Isidro Alaniz, and Marisela Jacaman

## CERTIFICATE OF SERVICE

      I hereby certify that on July 22, 2019, I electronically filed the foregoing with the Court using CM/ECF, and served on the same day all counsel of record via the CM/ECF notification system.

/s/JT Morris

JT Morris
