UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| PRISCILLA VILLARREAL , | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 5:19-CV-00048 |
| THE CITY OF LAREDO, TEXAS, ET AL. | § § § § | |
| Defendants. | § § | |

**DEFENDANTS CITY OF LAREDO, CLAUDIO TREVIÑO, JR.,
JUAN L. RUIZ, DEYANIRA VILLARREAL, ENEDINA MARTINEZ,
ALFREDO GUERRERO, LAURA MONTEMAYOR, AND DOES 1-2'S
REPLY TO PLAINTIFF'S REPONSE TO DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(B)(6) TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

<div style="margin-left: 40%;">

TAYLOR OLSON ADKINS SRALLA & ELAM LLP
13750 San Pedro Ave., Suite 555
San Antonio, Texas 78232
Tel: (210) 546-2122
Fax: (210) 546-2130 (Fax)

*/s/ William M. McKamie*
WILLIAM M. MCKAMIE
STATE BAR NO. 13686800
SOUTHERN DIST. ID. 13010
*mmckamie@toase.com*

TAYLOR OLSON ADKINS SRALLA & ELAM LLP
6000 Western Place, Suite 200
Fort Worth, Texas 76107
(817)332-2580
(817) 332-440 (Fax)

ALICIA K. KREH
STATE BAR NO. 24097953
SOUTHERN DIST. ID 3327420
*akreh@toase.com*
**Attorneys for Defendants City of Laredo,
Claudio Treviño, Jr., Juan Ruiz, Deyanira
Villarreal, Enedina Martinez, Alfredo
Guerrero, Laura Montemayor, and DOES 1-2**

</div>

*Defendants City of Laredo, Treviño, Ruiz, Villarreal, Martinez, Guerrero,
Montemayor, and Does 1-2's Reply to Plaintiff's Response to Defendants' Motion to Dismiss Pursuant
to Rule 12(b)(6) to Plaintiff's First Amended Complaint & Brief in Support*          *Page 1*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| PRISCILLA VILLARREAL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-CV-00048 |
| | § | |
| THE CITY OF LAREDO, TEXAS, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS CITY OF LAREDO, CLAUDIO TREVIÑO, JR.,
JUAN L. RUIZ, DEYANIRA VILLARREAL, ENEDINA MARTINEZ,
ALFREDO GUERRERO, LAURA MONTEMAYOR, AND DOES 1-2'S
REPLY TO PLAINTIFF'S REPONSE TO DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(B)(6) TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants CITY OF LAREDO (the "City"), CLAUDIO TREVIÑO, JR. ("Treviño"), JUAN L. RUIZ ("Ruiz"), DEYANIRA VILLARREAL ("DV"[1]), ENEDINA MARTINEZ ("Martinez"), ALFREDO GUERRERO ("Guerrero"), LAURA MONTEMAYOR ("Montemayor"), AND DOES 1-2 ("Does"), collectively referred to herein as "Defendants" file this Reply to Plaintiff's Response to Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In support thereof, Defendants respectfully show the Court as follows:

**I.    Defendants had probable cause to arrest Plaintiff.**

All of Plaintiff's allegations are based on one central premise, that Defendants lacked

---

[1] To be consistent with Plaintiff's use of "DV" to avoid confusion between Defendant Deyanira Villarreal and Plaintiff.

*Defendants City of Laredo, Treviño, Ruiz, Villarreal, Martinez, Guerrero,
Montemayor, and Does 1-2's Reply to Plaintiff's Response to Defendants' Motion to Dismiss Pursuant
to Rule 12(b)(6) to Plaintiff's First Amended Complaint & Brief in Support*                    Page 2

probable cause to arrest her under Penal Code Section 39.06, and thus, their conduct was retaliatory and in violation of the First, Fourth and Fourteenth Amendments. However, because Plaintiff fails to adequately allege that Defendants lacked probable cause, all Plaintiffs claims must fail.

> Texas Penal Code places criminal penalties on the misuse of public information.
>
> A person commits an offense if, with the intent to obtain a benefit or with intent to harm or defraud another, he solicits or receives from a public servant information that: (1) the public servant has access to by means of his office or employment; and (2) has not been made public.

§ 39.06(c). Defendants had probable cause to arrest Plaintiff under this exception, and accordingly, their actions were neither retaliatory nor a constitutional violation.

### A. Plaintiff did obtain, or intended to obtain, a benefit from the information.

Plaintiff continues to allege that Defendants acted without probable cause in arresting her under Section 39.06 because she alleges she never received an economic benefit from publicizing the information received. Yet, Plaintiff ignores and fails to contradict the New York Times article she cited in her First Amended Complaint that states "Laredo eateries hire her to advertise their cuisine" and that "[s]he makes a small amount of money by promoting restaurants she frequents" as a result of the notoriety gained from her reporting. Accordingly, Defendants had reason to believe that Plaintiff was deriving an economic benefit from her Facebook journalism in the form of sponsors. Further, Defendants had reason to believe that the information that was the basis of her arrest would continue to provide her with these economic benefits. Qualified immunity shields officers from lability if, given the law and information known at the time, a reasonable officer could have believed the arrest was lawful. *Ventura v. Hardge*, 2000 WL 1123262, *3 (N.D. Tex. Aug. 7, 2000) aff'd 248 F.3d 1143 (5th Cir. 2001). Because the individual Defendants had reason to believe that Plaintiff was receiving an

*Defendants City of Laredo, Treviño, Ruiz, Villarreal, Martinez, Guerrero,*
*Montemayor, and Does 1-2's Reply to Plaintiff's Response to Defendants' Motion to Dismiss Pursuant*
*to Rule 12(b)(6) to Plaintiff's First Amended Complaint & Brief in Support*      *Page 3*

economic benefit from the official information she had received from a public servant, which had not yet been made public, and because the officers acted reasonably in enforcing a provision of the Texas Penal Code that was valid at the time of their action, Plaintiff has failed to plead a violation of her Fourth or Fourteenth Amendment rights.

B.     The information had not been made public.

Plaintiff further maintains that the statute was inappropriately applied against her because the information she published would have been available under the Texas Public Information Act (the "Act"). The Act is not triggered until a governmental entity receives a written request for information. Tex. Att'y Gen. Open Records Decision No. 304 at 2 (1982). However, Plaintiff fails to plead that she ever made a written, or even verbal, request under the Act for the information she published. Accordingly, Plaintiff, unlike traditional media outlets, did not follow the appropriate methods for acquiring information, thus her claims that she was denied information are false.

Furthermore, not all information requested under the Act is public. Various statutes make information strictly confidential. Further, a governmental entity is entitled to raise exceptions under the Act to limit the release of information that would interfere with a police investigation. *See* Tex. Gov't Code § 552.108. While the exceptions found under Section 552.108 do require the release of basic information—including the identity of an arrested person or a complainant, which would not include a victim of suicide or, potentially, the identities of individuals involved in a motor vehicle accident—the City could have raised additional exceptions that would restrict the release of the entirety of the information, had they been given an chance.[2]

---

[2] There are mandatory exceptions to the Act that restrict the release of all information published by Plaintiff. These

*Defendants City of Laredo, Treviño, Ruiz, Villarreal, Martinez, Guerrero,*
*Montemayor, and Does 1-2's Reply to Plaintiff's Response to Defendants' Motion to Dismiss Pursuant*
*to Rule 12(b)(6) to Plaintiff's First Amended Complaint & Brief in Support*                    *Page 4*

Plaintiff has failed to allege that she received the information through a request made under the Act; it was not. Further, Plaintiff has failed to allege that had she properly sought to receive the records she released, that the City would not have sought an Attorney General opinion to withhold the information under a valid exception to the Act. Although Plaintiff claims all the information is public, the City has a right, and in many situations an obligation, to seek a ruling from the Attorney General regarding whether the information is public or confidential. A city may not make this decision on its own. Plaintiff's release of information she received by circumventing the Act prohibited the City from ensuring all mandatory exceptions to the Act were properly raised and followed. It further prevented the family members of any victims from invoking their right to constitutional privacy. Accordingly, Plaintiff has failed to plead that the information she published had been made public.

C. <u>Plaintiff received information from a public servant.</u>

Finally, Plaintiff plead that she had been receiving information from a Laredo public servant. "Starting in 2015, Villarreal also begin (sic) to regularly receive information about local crime and public safety matters from LPD spokesman Jose Baeza." [Doc 24. ¶ 30]. Accordingly, Defendants had reason to believe that Plaintiff had acquired the information published from a public servant who had access to the information by means of his office or

---

exceptions include:
- Constitutional privacy: the United States Supreme Court has determined that surviving family members can have a privacy interest in information relating to their deceased relatives. *See Nat'l Archives & Records Admin. v. Favish,* 124 S. Ct. 1570 (2004);
- Juvenile law enforcement records: law enforcement records concerning a child and information concerning a child that are stored by electronic means or otherwise and from which a record could be may not be disclosed to the public. Tex. Family Code § 58.008(b);
- Child abuse or neglect: a report of alleged or suspected abuse or neglect and the identity of the person making the report is not subject to release under Chapter 552 of the Government Code. Tex. Family Code § 261.201(a).
- Accident reports: unredacted accident reports may only be released to specific categories of persons under Texas Transportation Code Section 550.065(c)(4). Plaintiff is not a person entitled to an accident report. Accordingly, had the Plaintiff submitted written request for such information, the city must redact all names of the person involved in the accident before release of the report. *Id.* at 550.056(c-1), (f).

*Defendants City of Laredo, Treviño, Ruiz, Villarreal, Martinez, Guerrero,
Montemayor, and Does 1-2's Reply to Plaintiff's Response to Defendants' Motion to Dismiss Pursuant
to Rule 12(b)(6) to Plaintiff's First Amended Complaint & Brief in Support*     *Page 5*

employment. § 39.06(c)(1).

As pleaded, Plaintiff failed to establish that Defendants lacked probable cause for her arrest under Penal Code Section 39.06. She received information from a public servant, she published the information with intent to an economic benefit, and the information had not been made public. Accordingly, the Laredo Police Department acted in good faith in enforcing a valid provision of the Penal Code.

## II. Penal Code Section 39.06

Plaintiff's allegation that Defendants engaged in conspiracy to arrest her under a provision no reasonable officer would have enforced is specious. Plaintiff alleges that because Section 39.06 provision was later found unconstitutional, she was wrongfully arrested and detained, [Doc. 24 ¶¶ 162-72], and that Defendants wrongfully singled out Plaintiff for enforcement of the unconstitutional provision. [Doc. 24 ¶¶ 173-86]. However, Plaintiff fails to provide factual allegations of how or why any law enforcement officer should reasonably be aware that Section 39.06 of the Texas Penal Code would later be held unconstitutional. This section was ruled "unconstitutionally vague" by Judge Monica Z. Notzon of the 111th District Court in Webb County on March 28, 2018,[3] more than three months after Plaintiff's arrest. An officer who behaves objectively reasonable in light of the clearly established rules *at the time of his actions* is entitled to immunity. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). Accordingly, because Defendants acted reasonably in investigating the violation of a provision of the Texas Penal Code, Plaintiff has failed to plead a violation that would waive qualified immunity.

---

[3] According to the 111th District Court, an order on this ruling has never been issued.

### III.    Conclusion

Plaintiff has not alleged any facts that would waive Defendants' qualified immunity defense. Plaintiff's allegations are grounded in her claim that Defendants' lacked probable cause and were unreasonable in enforcing an unconstitutional penal code provision. Plaintiff has failed to raise factual allegations to support these claims. For the foregoing reasons, and without waiving any arguments raised in their Motion to Dismiss under Rule 12(b)(6), Defendants Trevino, Ruiz, Villarreal, Martinez, Guerrero, Montemayor, and Does 1-2 are entitled to qualified immunity and Plaintiff's claims must be dismissed.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants City of Laredo, Treviño, Ruiz, Villarreal, Martinez, Guerrero, Montemayor, and Does 1-2 respectfully request that the Court grant their Motion to Dismiss and dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure l2(b)(6). Defendant further request such other and further relief to which they are justly entitled.

Respectfully submitted,

**TAYLOR OLSON ADKINS SRALLA & ELAM LLP**
13750 San Pedro Ave., Suite 555
San Antonio, Texas 78232
(210) 546-2122
(210) 546-2130 (Fax)


By:    /s/ *William M. McKamie*
       WILLIAM M. MCKAMIE
       STATE BAR NO. 13686800
       SOUTHERN DIST. ID. 13010
       mmckamie@toase.com

*Defendants City of Laredo, Treviño, Ruiz, Villarreal, Martinez, Guerrero,
Montemayor, and Does 1-2's Reply to Plaintiff's Response to Defendants' Motion to Dismiss Pursuant
to Rule 12(b)(6) to Plaintiff's First Amended Complaint & Brief in Support*                Page 7

>TAYLOR OLSON ADKINS SRALLA & ELAM LLP
>6000 Western Place, Suite 200
>Fort Worth, Texas 76107
>(817)332-2580
>(817) 332-440 (Fax)
>
>ALICIA K. KREH
>STATE BAR NO. 24907953
>SOUTHERN DIST. ID 3327420
>*akreh@toase.com*
>
>**Attorneys for Defendants City of Laredo, Claudio Treviño, Jr., Juan Ruiz, Deyanira Villarreal, Enedina Martinez, Alfredo Guerrero, Laura Montemayor, and DOES 1-2.**

CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of August 2019, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and that a courtesy copy was forwarded to the following attorneys of record by Electronic Notification:

JT Morris
Ramzi Khazen                                Email: *jt@jtmorrislaw.com*
JT MORRIS LAW, PLLC                         Email: *ramzi@jtmorrislaw.com*
1105 Nueces Street, Suite B
Austin, Texas 78701

Eric Magee                                  Email: *e.magee@allison-bass.com*
ALLISON BASS ET AL
402 W. 12th Street
Austin, Texas 78701

>/s/ *William M. McKamie*
>William M. McKamie