UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| PRISCILLA VILLARREAL | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-CV-00048 |
| | § | |
| THE CITY OF LAREDO, TEXAS, ET AL. | § § § | |

**DEFENDANTS ISIDRO ALANIZ, MARISELA JACAMAN, AND WEBB COUNTY'S SUPPLEMENTAL BRIEFING ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Isidro Alaniz, Marisela Jacaman, and Webb County ("Defendants") file this Supplemental Briefing on Defendant's Motion to Dismiss Plaintiff's First Amended Petition. In support thereof, Defendants show the Court as follows:

**I.   *Ortiz v. Montgomery County, Texas***

*Ortiz* is a recent per curium 5th Circuit case that discussed a similar suit as the matter before the court in this case. *Ortiz v. Montgomery County, Texas*, 774 Fed. Appx. 894 (5th Cir. 2019) (mem. op., per curium).[1] While this opinion is not precedent, it is cited in this brief pursuant to Federal Rule of Appellate Procedure 32.1(a) because it contains substantially similar facts.

*Ortiz* involved a Conroe Independent School District referee who was arrested for having an inappropriate sexual relationship with a student under Texas Penal Code Section 21.12. *Id*. at

---

[1] *Ortiz* was designated as an unpublished opinion by the 5th Circuit. Pursuant to 5th Circuit Rule 47.5.4: "Unpublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like). An unpublished opinion may be cited pursuant to FED. R. APP. P. 32.1(a). The party citing to an unpublished judicial disposition should provide a citation to the disposition in a publicly accessible electronic database." A copy of the opinion is attached to this brief as Appendix A.

895. After Ortiz's arrest, the Texas Court of Criminal Appeals held, in another case, that Section 21.12 did not apply to a school district police officer because he did not "work" at the school. *Id. citing State v. Sutton*, 499 S.W.3d 434 (Tex. Crim. App. 2016). After the *Sutton* opinion was released, the District Attorney dismissed the case against Ortiz. As in this case, Ortiz sued the District Attorney under U.S.C. §1983 because "he never should have been arrested in the first place." *Ortiz* at 895.

The District Court dismissed Ortiz's suit and held that the prosecutors did not violate the Fourth Amendment because they had probable cause to arrest Ortiz. *Id*. The prosecutors did not violate the First Amendment because they had no retaliatory motive to prosecute Ortiz. The 5th Circuit held that it need not reach the merits of Ortiz's claims because "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Id. citing Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009).

In this case, the Plaintiff claims Defendants Alaniz and Jacaman violated the Fourth Amendment by helping prepare Plaintiff's arrest warrant. Specifically, Plaintiff alleges Defendants:

> (a) knowingly manufactured allegations under a pretextual application of Texas Penal Code § 39.06, upon which no reasonable official would have relied under the circumstances; (b) knowingly prepared and obtained a warrant for Villarreal's arrest under false pretenses; and (c) knowingly arrested and detained her and/or caused her arrest and detention without probable cause and against her will, based on a knowing or deliberately indifferent wrongful application of TEXAS PENAL CODE §39.06.

Doc. 24 at ¶ 165. Plaintiff's argument is the same as the argument the 5th Circuit rejected in *Ortiz*. Both cases involve an individual who was arrested for a violation of the Texas Penal Code, which was later determined to not apply to that individual. In both cases, the District Attorney promptly

dismissed the case against the arrested individual. As argued in Defendants' Motion to Dismiss, absolute immunity shields a prosecutor from suit in these cases. *Ortiz* at 895.

## II.     *Shipman v. Sowell*

*Shipman* is another 5th Circuit case that considered similar facts as those at issue in this case. *Shipman v. Sowell*, 766 Fed. Appx. 20 (5th Cir. 2019) (mem. op., per curium).[2] *Shipman* concerned an individual who was indicted for engaging in organized criminal activity by tampering with government records in violation of Texas Penal Code §§37.10(a) and 71.02(a)(13). *Id*.at 24. Shipman sued the Grimes County District Attorney under U.S.C. §1983 for violating his First Amendment rights by seeking the grand jury indictment against him in retaliation after Shipman's counsel published a blog post accusing the officials of misconduct and for violating his Fourteenth Amendment rights by selectively prosecuting Shipman even though the District Attorney knew the case was meritless. *Id*.

The Court in *Shipman* noted that, while the First Amendment prohibits government officials from taking an adverse action against a citizen in retaliation for engaging in protected speech, to prove retaliation the plaintiff must additionally plead the elements of common law malicious prosecution. *Id.* at 26, *citing Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). Plaintiff does not allege a cause of action for malicious prosecution. *See generally* Doc. 24. A retaliation claim under the First Amendment also requires that the plaintiff show more than that two events occurred in sequence. "A plaintiff must allege some causal link between the events that, if proven, would establish a prima facie claim on the face of the complaint." *Shipman* at 26, *citing Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In this case, Plaintiff relies wholly on conclusory statements and fails to allege facts creating a causal link between her statements and

---

[2] Shipman was also designated as an unpublished opinion by the 5th Circuit and is attached pursuant to 5th Circuit Rule 47.5.4 as Appendix B.

the Defendants' actions. *Id.* Lastly, the Court stated "[a] final debilitating feature of this claim is that as the prosecutor, McClain is shielded by absolute immunity." *Id.*

Regarding Shipman's Fourteenth Amendment claim, the 5th Circuit held his claim for selective prosecution failed because he was not part of a protected class. "Selective prosecution sounds as an equal protection violation of the Fourteenth Amendment and as such prohibits prosecutions based on an unjustifiable standard such as race, religion, or other arbitrary classification. Shipman cannot claim membership in a protected class. To the extent Shipman alleged that the prosecutor picked him out to prevent his exercise of constitutional rights, he has offered no facts, as opposed to conclusory opinions, about McLain's motivation." *Id.* (internal citations and quotations omitted).

In this case, Plaintiff has not alleged she was prosecuted because she was part of a protected class. Quite the opposite—Plaintiff claims she was prosecuted because the Defendants did not like her specifically. Doc. 24 at ¶ 121, Doc. 30 at pg. 30. That does not rise to the level of a selective prosecution claim under the Fourteenth Amendment. Plaintiff does not make factual allegations to support her claim that Defendants knew that the charges were meritless, nor does she allege any facts that, taken as true, would establish a causal connection between Defendants' actions and Plaintiff's characterization of Defendants' motives. *Shipman* at 27. Therefore, Plaintiff's claims for selective prosecution should be dismissed for failure to state a claim.

## PRAYER

Defendants Alaniz, Jacaman, and Webb County pray that this court enter an order dismissing the claims against them for failure to state a claim, that all relief requested by Plaintiff be denied, and that Defendants recover its costs and attorney's fees, along with such other relief to which they may show themselves entitled.

Respectfully submitted,

/s/ Philip Arnold_____
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
Philip Arnold
SBN: 24044710
p.arnold@allison-bass.com
**ALLISON, BASS & MAGEE, L.L.P.**
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that on the 5th day of September, 2019, I filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the below counsel for the Plaintiff.

JT Morris
jt@jtmorrislaw.com
Ramzi Khazcn
ramzi@jtmorrislaw.com
JT MORRIS LAW PLLC
1105 Nueces Street, Suite B
Austin, Texas 7870 I

Jose Salvador Tellez II
joeytellez@tellezlaw.com
1000 Washington Street. H I
Laredo. Texas 78040
*Attorneys for the Plaintiff*        /s/ Philip Arnold_____
                                                  Philip Arnold