UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
Laredo Division

| | | |
|---|---|---|
| PRISCILLA VILLARREAL,<br>Plaintiff<br><br>vs.<br><br>THE CITY OF LAREDO, TEXAS, *et al.*<br>Defendants. | § § § § § § § § § § § § | No. 5:19-cv-48<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING ISSUES RAISED AT HEARING ON DEFENDANTS' MOTIONS TO DISMISS**

Pursuant to the Court's September 10, 2019 minute order, Plaintiff Priscilla Villarreal files this supplemental brief regarding (1) the objective unreasonableness in light of clearly established First Amendment principles of relying on a statute that criminalizes a journalist's routine asking for and receipt of information from a public official, and (2) the principle that probable cause does not bar a claim for equal protection selective enforcement or a municipal liability clause under 42 U.S.C. § 1983.

**I. It was clearly established that the government cannot criminalize the asking for and receipt of information obtained through routine reporting techniques.**

1. As Villarreal has established, regardless of the statute Defendants later selected to enforce against Villarreal, her allegations when taken as true show Defendants' decision to criminally-target Villarreal's protected publishing and newsgathering alone was an unconstitutional and retaliatory act for which they are not entitled to qualified immunity. (Dkt. 24, FAC ¶¶ 69-70, 79-81, 84, 105-06, 140-42, 178; Dkt. 29 pp. 12-13; Dkt. 30 pp. 13-14). A reasonable officer would have understood receipt of information from a public servant to be subsumed in its publication. (Dkt. 24, FAC ¶¶ 106, 178).

2. Moreover, clearly established law would have made it clear to a reasonable officer that it was unconstitutional to apply Tex. Penal Code § 39.06(c) to Villarreal's asking for and receipt of information from an LPD official. The statute provides that a person is guilty of a Class 3 felony if "with intent to obtain a benefit or with intent to harm or defraud another, he **solicits or receives** from a public servant information…." (emphasis added). The statute subjects any journalist to felony arrest and prosecution for engaging in routine reporting methods, such as asking for and receiving information from the government. It is clearly established that this violates the First Amendment. Journalists routinely seek nonpublic information from public officials as part of their jobs and as a necessary component of a free society.

3. Villarreal's allegations make clear that Defendants arrested her for asking for and receiving information from a government official—something the Supreme Court made clear is lawful newsgathering and thus protected under the First Amendment. In *Smith v. Daily Mail*, the United States Supreme Court held that two journalists could not be prosecuted for publishing information obtained from the police using "routine [] reporting techniques." *Smith v. Daily Mail Publ. Co.*, 443 U.S. 97, 103-04 (1979). The Court determined that nonpublic information was "lawfully obtained" because the reporters "obtained the name of the alleged assailant simply by asking various witnesses, the police, and an assistant prosecuting attorney," and such routine reporting cannot be criminalized. *Id* at 99. As Villarreal alleges, her similar "routine reporting techniques" is what Defendants asserted as cause for arresting her under Texas Penal Code § 39.06. (*E.g,* Dkt. 24, FAC ¶¶ 65-66, 69, 80-81, 89, 105-06). A reasonable officer would have known he could not rely on the statute to arrest Villarreal, because she lawfully obtained information by simply asking for and receiving information from a police department official. (*Id.* at ¶¶ 79-81).

4. Other cases also establish that a reasonable officer would not have relied on the statute to arrest Villarreal. In *Florida Star v. B.J.F.*, the Supreme Court found that the First Amendment protected a newspaper's right to obtain information inadvertently released by the police, even though publication of such information was prohibited by a state criminal statute. 491 U.S. 524 (1989). And in *Okla. Pub. Co. v. Dist. Court of Okla.,* the Supreme Court found that a newspaper lawfully obtained non-public information during a juvenile hearing, even though state law provided for closed juvenile hearings unless specifically opened to the public by court order, and there was no indication of such an order. 430 U.S. 308, 311 (1977); *see also Bartnicki v. Vopper*, 532 U.S. 514, 528 (2001) ("th[is] Court [has] upheld the right of the press to publish information of great public concern obtained from documents stolen by a third party." (*citing New York Times Co. v. United States*, 403 U.S. 713 (1971)).

5. Here, Villarreal was investigated and arrested merely for confirming a mundane fact she already knew with no attached inherent secrecy. (*E.g,* Dkt. 24, FAC ¶¶ 65-66, 69, 80-81, 89, 105-06). Because no reasonable officer would have relied on Texas Penal Code § 39.06 to arrest Villarreal for her routine reporting techniques, Defendants are not entitled to qualified immunity.[1]

**II. Probable cause does not bar Villarreal's selective enforcement or municipal liability claims.**

6. Defendants suggested at the September 9 hearing that Villarreal's claims fail if the Court determines Defendants had probable cause to arrest Villarreal under Texas Penal Code § 39.06. As Villarreal pointed out, that is incorrect. First, as Villarreal has established, Defendants lacked probable cause to arrest her under the statute. (*See* Dkt. 29 pp. 15-17; Dkt. 30 pp. 16-18).

---

[1] To reiterate, while the statute was ultimately deemed unconstitutionally vague, the salient question with respect to qualified immunity was not the status of the statute, but "whether the right at issue was clearly established." *Heaney v. Roberts*, 846 F.3d 795, 801 (5th Cir. 2017). That Defendants searched for and relied upon an obscure statute as a pretext for the arrest merely magnifies its unlawful character.

7. But even assuming the Court finds probable cause existed, it does not bar Villarreal's well-pled claims for selective enforcement and municipal liability. For example, the Supreme Court has explained that while "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis," that does not make evidence of an officer's "actual motivations" any less relevant to claims of "selective enforcement" under the Equal Protection Clause. *Whren v. United States*, 517 U.S. 806, 813 (1996). Unlike Fourth Amendment claims which turn on objective indicia of probable cause, selective enforcement claims under the Equal Protection Clause turn on the government's subject intent, such as "improper considerations, such as race, religion, or the desire to prevent exercise of a constitutional right." *E.g., Bryan v. City of Madison*, 213 F.3d 267, 277 (5th Cir 2000); *Carrasca v. Pomeroy*, 313 F.3d 828, 836 (3d Cir. 2002) ("Even if the [defendants] had probable cause to arrest Plaintiffs, the District Court could not dismiss all of the federal claims based on such a finding. . .[t]he fact that there was no Fourth Amendment violation does not mean that one was not discriminatorily selected for enforcement of a law.") (internal questions omitted).

8. Probable cause also does not bar Villarreal's municipal liability claims, as the Supreme Court made clear in *Lozman v. City of Riviera Beach*, 138 S. Ct. 1945, 1955 (2018) (holding the plaintiff "need not prove the absence of probable cause to maintain a claim of retaliatory arrest against the City.")

**III. Conclusion**

For the reasons set forth above, in Villarreal's First Amended Complaint, her prior briefing, and at oral argument, Villarreal respectfully requests the Court deny Defendants' motions to dismiss.

| | |
|---|---|
| Dated: September 23, 2019 | Respectfully submitted,<br><br>/s/ JT Morris<br>JT Morris<br>Texas State Bar No. 24094444<br>jt@jtmorrislaw.com<br>Ramzi Khazen<br>Texas State Bar No. 24040855<br>ramzi@jtmorrislaw.com<br>JT MORRIS LAW, PLLC<br>1105 Nueces Street, Suite B<br>Austin, Texas 78701<br>Telephone: (512) 717-5275<br>Fax: (512) 582-2948<br><br>**Attorneys for Plaintiff Priscilla Villarreal** |

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2019, I electronically filed the foregoing with the Court using CM/ECF, and served on the same day all counsel of record via the CM/ECF notification system.

/s/JT Morris
JT Morris